### SOUTHARD v. FRANCO-AMERICAN TRADING CO.

*(Supreme Court, General Term, First Department.   June 19, 1888.)*

REFERENCE—INCOMPLETE REPORT—RECOMMITTING TO SAME REFEREE.

Upon a report of a referee which is incomplete and unsatisfactory to each of the parties who appear to concede the necessity of further and more definite findings, reference is properly ordered for a further hearing before the same referee; the case not being within Code Civil Proc. N. Y. § 1011, providing that, "if a new trial of an action tried by a referee * * * is granted, the court must appoint another referee, unless the stipulation expressly provides otherwise."

Appeal from special term, New York county.

Action by Charles C. Southard against the Franco-American Trading Company. The defendant appeals from an order referring the inquiry in this action back to the referee to ascertain and report the amount due to the counsel for the receiver for his costs and disbursements, etc., in the prosecution and settlement of two actions, and permitting the referee to take the testimony of other witnesses. Section 1011 of the Code of Civil Procedure (referred to in the opinion) provides: "If the referee named in a stipulation refuses to serve, or if a new trial of an action tried by a referee so named is granted, the court must appoint another referee, unless the stipulation expressly provides otherwise."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Seligman & Seligman,* for appellant.   *O. J. Wells,* for respondent.

DANIELS, J   The inquiry involved in this reference had previously been referred to a referee, who made his report, but that report seems to have been incomplete and unsatisfactory to either of the parties, and each of them appeared to concede the necessity of further and more definite findings on the part of the referee. That view was adopted by the court itself; and, to present the case in a more complete form, this reference was ordered for a further hearing before the same referee. It was not a case, within section 1011 of the Code of Civil Procedure, where the court was required to appoint another referee, for the report was not set aside or interfered with in any manner, but it was considered incomplete; and, being in an interlocutory proceeding for the information of the court, it had the right to send it back to the same referee for further information, by way of additional evidence and other findings considered to be essential for the proper determination of the matter in

dispute. The order was not only within the authority of the court, but it seems, in view of all the facts, to have been a very discreet exercise of its authority; for only after the reference shall be made complete in this manner can the matters in dispute concerning the fees and expenses of the counsel be surely ascertained and disposed of by the court. The rights and interests of each contestant required the order to be made as it was, and it should be affirmed, with $10 costs, and also the disbursements, to abide the result of the proceeding.

VAN BRUNT, P. J., and BRADY, J., concur.